# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| MARTHA LEFTWICH, ) | |
| ) | |
|    PLAINTIFF, ) | |
| ) | |
| V. ) | CIVIL ACTION NUMBER: |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, ) | |
| ) | |
|    DEFENDANT. ) | |

## PLAINTIFF'S COMPLAINT

1. This is an action brought by the Plaintiff, Martha Leftwich, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 47 U.S.C. § 227b(3). Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3. The Plaintiff, Martha Leftwich ("Plaintiff"), is a resident and citizen of the state of Alabama, Calhoun County, and is over the age of twenty-one (21) years.

4. The Defendant, Portfolio Recovery Associates, LLC ("PRA" or "Defendant"), is a foreign corporation, and was, in all respects and at all times relevant herein, doing business in the state of Alabama. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Calhoun County, Alabama.

## FACTUAL ALLEGATIONS

5. The Defendant uses telephone communications in its business.

6. The principal purpose of the Defendant's business is the collection of debts.

7. The Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due to another.

8. The Defendant is a debt collector subject to the provisions of the FDCPA.

9. The alleged debt of the Plaintiff claimed by the Defendant was incurred for personal, family, or household services, and is a "debt" as defined by the FDCPA at 15 U.S.C. § 1692a(5).

10. In the course of attempting to collect a debt allegedly due from the Plaintiff to a business not a party to this litigation, the Defendant communicated with the Plaintiff in a manner which violated the FDCPA.

11. Plaitniff was married to the late Robert E. Leftwich.

12. Robert E. Leftwich died in 2001.

13. In or around February-March 2014, Plaintiff began receiving collection calls from Defendant via numbers 412-235-6111 and 205-396-3619 regarding a debt allegedly owed by a Robert E. Leftwich.

14. The alleged debt in question was a credit card debt opened sometime in the mid-2000's.

15. During the calls, Plaintiff informed Defendant that her husband died in 2001 and thus was unable to open the credit card account.

16. Plaintiff would further insist Defendant cease calling.

17. In response, in several calls, Defendant would insist she still owed the debt, as the wife of Robert E. Leftwich, and would keep calling and until Plaintiff proved otherwise.

18. As a result of the Defendant's attempts to collect this alleged debt from Plaintiff, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

19. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

3

20. The Defendant has engaged in collection activities and practices in violation of the FDCPA with respect to the Plaintiff's alleged consumer debt.

21. The Defendant used false, deceptive, and misleading representations with the collection of the debt in violation of § 1692d, *et seq*, § 1692e, in particular § 1692e(2), § 1692e(5).

22. The Defendant violated 15 U.S.C. § 1692f, *et seq*. by using an unfair means to collect or attempt to collect the alleged debt.

23. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, actual damages, as well as an award of costs and attorneys fees.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

24. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

25. The Defendant knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

26. The Defendant knew or should have known that said conduct was improper.

27. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

28. The Defendants negligently failed to train and supervise collectors on the FDCPA

29. As a result of the Defendant's negligence, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

30. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

31. The Defendant knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

32. The Defendant knew or should have known that said conduct was improper.

33. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

34. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA.

35. As a result of the Defendant's recklessly and wanton conduct, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## INVASION OF PRIVACY

36. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

37. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

    Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

    15 U.S.C. § 1692(a) (emphasis added).

38. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

39. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

40. Said communications constitute the wrongful intrusion into her solitude and seclusion.

41. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

## COUNT FIVE
## RECKLESSNESS AND WANTONNESS

42. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

43. Defendant knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiffs.

44. Defendant knew or should have known that said conduct was improper.

45. Defendant recklessly and wantonly failed to prevent and/or participated in improper collection activities.

46. As a result of the Defendant's reckless and wanton conduct, Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff demands a judgment against the Defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages from the Defendant for the violations of the FDCPA;

C. Actual damages for the Defendant's violations of the FDCPA and state law claims;

D. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C. § 1692k;

E. Compensatory and punitive damages against Defendants on Plaintiff's state law claims;

F. Such other relief that this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/s/ JOHN C. HUBBARD
John C. Hubbard
ASB-8252-H46H
Attorney for Plaintiff
John C. Hubbard, LLC
PO Box 953
Birmingham, AL 35201
205-378-8121 – phone
205-690-4525 – fax